Jeremy Smith
Full Name/Prisoner Number 54287
Southern NM Corr Fac
Complete Prison Address (Place of Confinement)
PO Box 639
Las Cruces NM 88004

FILED
US DISTRICT COURT
DISTRICT OF NEW MEXICO

06 JUN 30 PM 3:30

CLERK-ALBUQUERQUE

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CIV-06-0587 WJ RHS

Civil Action No. _____
*(To be supplied by the Court)*

Jeremy Smith , Applicant,
*(Full Name and Prisoner Number)*

v.

Robert Ulibarri , Respondent,
*(Name of Warden, Superintendent, jailor
or authorized person having custody of
applicant)(Do not use et al.)*

and

The Attorney General of the State of
Patricia Madrid , Additional Respondent.

**APPLICATION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY**

Note: If the applicant is attacking a judgment which imposed a sentence to be served in the future, applicant must fill in the name of the state where the judgment of conviction was entered. If the applicant has a sentence to be served in the future under a federal judgment, which he/she wishes to attack, he/she should file a motion under 28 U.S.C. § 2255, in the federal court which entered the judgment.

## CONVICTION UNDER ATTACK

1) Name and location of the court which entered the judgment of conviction under attack _Twelfth Judicial District Court Alamogordo New Mexico_

2) Date judgment of conviction was entered _May 6 2005_

3) Case number _D-1215-CR 200400358_
_D-1215-CR 200400388_

4) Type and length of sentence imposed _incarceration 18 years_

5) Are you presently serving a sentence imposed for a conviction other than the conviction under attack in this motion? Yes ___ No _X_

6) Nature of the offense involved (all counts) _Distribution of Controlled Substance; Possession of Firearm; Receiving Stolen Property; Tampering with Evidence; Possession of Methamphetamine_

7) What was your plea? (check one)

   Not Guilty ___   Guilty ___   Nolo Contendere _X_

If you entered a guilty plea to one count or indictment, and a not guilty plea to another court or indictment, give details:

_____

_____

8) If you entered a plea of guilty pursuant to a plea bargain, state the terms and conditions of the agreement _____

_____

9) Kind of trial (check one)   Jury ___   Judge only ___

10) Did you testify at trial? Yes ___ No ___

2

## DIRECT APPEAL

11) Did you appeal from the judgment of conviction? Yes ___ No _X_

12) If you did appeal, give the name and location of the court where the appeal was filed, the result, the case number and date of the court's decision (or attach a copy of the court's opinion or order):

_____

_____

_____

13) If you did not appeal, explain briefly why you did not:

No appeals are allowed from a plea bargain

a) Did you seek permission to file a late appeal? Yes ___ No ___

## POST-CONVICTION PROCEEDINGS

14) Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?      Yes _X_ No ___

15) If your answer to 14 was "Yes," give the following information:

   a) FIRST petition, application or motion.

   1. Name of court Twelfth Judicial District Court

   2. Nature of proceeding Petition for Writ of Habeas Corpus Rule 5-802

   3. Claims raised Denial of Legal Access; Unconstitutional Extradition; Involuntary Plea; Ineffective Counsel

   4. Did you receive an evidentiary hearing on your petition, application or motion? Yes ___ No _X_

   5. Result Denied

   6. Date of result April 13 2006

3

7. Did you appeal the result to the highest state court having jurisdiction? Yes _X_ No ___ If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order) _New Mexico Supreme Court; Denied; No 29815; Smith v Olibarri; June 7 2006_

8. If you did not appeal, briefly explain why you did not

b) As to any SECOND petition, application or motion, give the following information:

1. Name of court _____

2. Nature of proceeding _____

3. Claims raised _____

4. Did you receive an evidentiary hearing on your petition, application or motion? Yes ___ No ___

5. Result _____

6. Date of result _____

7. Did you appeal the result to the highest state court having jurisdiction? Yes ___ No ___ If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order) _____

4

8. If you did not appeal, briefly explain why you did not _____

_____

c) As to any THIRD petition, application or motion, give the following information:

1. Name of court _____

2. Nature of proceeding _____

_____

3. Claims raised _____

_____

4. Did you receive an evidentiary hearing on your petition, application or motion? Yes ___ No ___

5. Result _____

6. Date of result _____

7. Did you appeal the result to the highest state court having jurisdiction? Yes ___ No ___ If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order) _____

_____

8. If you did not appeal, briefly explain why you did not _____

## CLAIMS

16) State concisely every claim that you are being held unlawfully. Summarize briefly the facts supporting each claim. If necessary, you may attach extra pages stating additional claims and supporting facts. You should raise in this petition all claims for relief which relate to the conviction under attack.

In order to proceed in federal court, you ordinarily must exhaust the remedies available to you in the state courts as to each claim on which you request action by the federal court.

○

5

**Claim One:** The Petitioner is denied meaningful legal access to the courts by the Warden

(1) Supporting Facts: (Without citing legal authorities or argument state briefly the facts in of this claim)

In 2000 the Warden razed the prison law library instituted pursuant to the Duran Consent Decree. In its place he hired a civilian paralegal to hand out blank forms. This person refuses to help complete the forms in anyway. This person will not identify necessary historical facts to state legal claims upon which relief can be granted. Nor will this person assist in researching and alleging correct jurisdiction

(2) Statement of exhaustion of state remedies as to claim one:

Direct Appeal

(a) If you appealed from the judgment of conviction, did you raise this issue? Yes ___ No ___

(b) If you did not raise this issue in your direct appeal, explain briefly why you did not _____

Post-Conviction Proceedings

(c) Did you raise this issue by means of a post-conviction motion or petition for habeas corpus in a state trial court? Yes X No ___

(d) If your answer to (c) is "Yes," state the type of motion or petition, the name and location of the court where the motion or petition was filed, the case number (if known), the result and the date of the court's decision

Petition for Writ of Habeas Corpus; Twelfth Judicial District Court, Alamogordo NM; CR 2004-358 + 388; denied April 13, 2006

(e) Did you receive an evidentiary hearing on your motion or petition? Yes ___ No X

6

(f) Did you appeal from the denial of your motion or petition?
Yes _X_ No ___

(g) If your answer to (f) is "Yes," state whether this issue was raised in the appeal, Yes _X_ No ___, and state the name and location of the court where the appeal was filed, the case number and the date of the court's decision (or attach a copy of the court's opinion or order)
_New Mexico Supreme Court; No 29815; June 7, 2006_

(h) If your answer to question (e), (f) or (g) is "No," briefly explain _____

Other Remedies

(i) Describe all other procedures (such as habeas corpus in the state supreme court, administrative remedies, etc.) you have used to exhaust your state remedies as to the issue

Claim Two: _The Petitioner was unconstitutionally extradited from the State of Texas by the Sheriff and the Prosecutor_

(1) Supporting Facts: (Without citing legal authorities or argument state briefly the facts in of this claim)

On July 2 2004 the Petitioner was arrested and incarcerated in the Otero County Detention Center. This arrest was for allegations that resulted in the instant conviction. On or about August 20 2004 the Otero Sheriff removed the Petitioner from the Otero County Jail. The Sheriff transported the Petitioner out of the State of New Mexico and into the State of Texas.

7

(2) Statement of exhaustion of state remedies as to claim two:

Direct Appeal

(a) If you appealed from the judgment of conviction, did you raise this issue? Yes ___ No ___

(b) If you did not raise this issue in your direct appeal, explain briefly why you did not _____

_____

Post-Conviction Proceedings

(c) Did you raise this issue by means of a post-conviction motion or petition for habeas corpus in a state trial court? Yes _X_ No ___

(d) If your answer to (c) is "Yes," state the type of motion or petition, the name and location of the court where the motion or petition was filed, the case number (if known), the result and the date of the court's decision

Petition for Writ of Habeas Corpus; Twelfth Judicial District Court, Alamogordo NM; CR 2004-358 + 388 denied April 13 2006

(e) Did you receive an evidentiary hearing on your motion or petition? Yes ___ No _X_

(f) Did you appeal from the denial of your motion or petition? Yes _X_ No ___

(g) If your answer to (f) is "Yes," state whether this issue was raised in the appeal, Yes _X_ No ___, and state the name and location of the court where the appeal was filed, the case number and the date of the court's decision (or attach a copy of the court's opinion or order)
New Mexico Supreme Court No 29815 June 7 2006

_____

_____

(h) If your answer to question (e), (f) or (g) is "No," briefly explain _____

_____

8

Other Remedies

(i) Describe all other procedures (such as habeas corpus in the state supreme court, administrative remedies, etc.) you have used to exhaust your state remedies as to the issue

_____

_____

_____

Claim Three: *The Petitioner's plea agreement was involuntary*

(1) Supporting Facts: (Without citing legal authorities or argument state briefly the facts in of this claim)

*The Petitioner did not voluntarily enter into the plea agreement in this cause. The Petitioner's counsel failed to investigate valid defenses to the charges. Counsel worked the Petitioner to cause acceptance of the plea. This was done through deception. Counsel claimed a lack of defenses. Yet each charge was lacking an essential element.*

(2) Statement of exhaustion of state remedies as to claim three:

Direct Appeal

(a) If you appealed from the judgment of conviction, did you raise this issue? Yes ___ No ___

(b) If you did not raise this issue in your direct appeal, explain briefly why you did not _____

_____

Post-Conviction Proceedings

(c) Did you raise this issue by means of a post-conviction motion or petition for habeas corpus in a state trial court? Yes _X_ No ___

9

(d) If your answer to (c) is "Yes," state the type of motion or petition, the name and location of the court where the motion or petition was filed, the case number (if known), the result and the date of the court's decision

Petition for Writ of Habeas Corpus; Twelfth Judicial District Court, Alamogordo NM; CR 2004-358 + 388; denied April 13 2006

(e) Did you receive an evidentiary hearing on your motion or petition?
Yes ___ No _X_

(f) Did you appeal from the denial of your motion or petition?
Yes _X_ No ___

(g) If your answer to (f) is "Yes," state whether this issue was raised in the appeal, Yes _X_ No ___, and state the name and location of the court where the appeal was filed, the case number and the date of the court's decision (or attach a copy of the court's opinion or order)

New Mexico Supreme Court; No 29815; June 7 2006

(h) If your answer to question (e), (f) or (g) is "No," briefly explain _____

Other Remedies

(i) Describe all other procedures (such as habeas corpus in the state supreme court, administrative remedies, etc.) you have used to exhaust your state remedies as to the issue

17) Have all claims for relief raised in this petition been presented to the highest state court having jurisdiction? Yes _X_ No ___

10

18) If you answered "No" to question 17, state which claims have not been so presented and briefly give your reasons(s) for not presenting them _____

_____

_____

19) If any of the claims listed in this application were not previously presented in any other court, state or federal, state briefly what claims were not so presented, and give your reasons for not presenting them _____

_____

_____

20) Have you previously filed any type of petition, application or motion in a federal court regarding the conviction under attack? Yes ___ No _X_

If "Yes," answer the following and attach a copy of the court's decision for each petition, application, or motion filed:

    a)    Name and location of court _____

    b)    Type of proceeding _____

    c)    The issues raised _____

    d)    The result _____

### SUCCESSIVE APPLICATIONS

This court is required to dismiss any claim presented in a second or successive petition that the federal court of appeals has authorized to be filed unless the applicant shows that each claim satisfies the requirements of 28 U.S.C. § 2244, *as amended* by Title I of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, § 106, 110 Stat. 1214 (Apr. 24, 1996).

21) If you are raising a claim which you have not presented in a prior application, have you obtained an order from the United States Court of Appeals for the Tenth Circuit authorizing this district court to consider the application? Yes ___ No ___ Please attach a copy of the order.

22) Do you have any petition, application, motion or appeal now pending in any court, either state or federal, regarding the conviction under attack? Yes ___ No _X_. If "Yes," state the name of the court, case file number (if known), and the nature of the proceeding

_____

_____

## LEGAL REPRESENTATION

23) Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing _____

_____

(b) At arraignment and plea  Regina Ryanczak

_____

(c) At trial _____

_____

(d) At sentencing  Regina Ryanczak

_____

(e) On appeal _____

_____

(f) In any post-conviction proceeding  Pro Se

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding  Pro Se

_____

## OTHER CONVICTIONS

24) Were you sentenced on more than one count of an indictment or on more than one indictment, in the same court and at the same time? Yes _X_ No ___

12

25) Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? Yes ___ No _X_

    (a) If so, give name and location of court which imposed sentence to be served in the future _____

_____

    (b) and give date and length of service to be served in the future _____

_____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? Yes ___ No ___

Wherefore, applicant prays that the court grant him such relief to which he may be entitled in this proceeding.

_____       *Jeremy Smith*
Signature of Attorney (if any)      Applicant's Original Signature

_____

_____

_____
Attorney's Full Address and
Telephone Number


### DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the applicant in this action, that he/she has read this petition and that the information contained in the petition is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at _Las Cruces, N.M._ on _6-19-06_.
    (Location)   88004   (Date)

*Jeremy Smith*
Applicant's Original Signature

Claim One Continued:

proper parties, venue, standing, exhaustion and proper service of process. This person prohibits compliance with court rules.

The Warden has also instituted disciplinary punishments for any inmate who helps another inmate present his claims to court. See CD policy 090101 B(15) + B(38). Violating these rules can result in 60 days of disciplinary segregation and long term segregation pursuant to CD 143000 + 143001. In this case the Petitioner is specifically prohibited from researching and presenting necessary facts for the extradition claim; the involuntary plea agreement claim; and the ineffective assistance of counsel claim. The Petitioner is also prohibited from obtaining needed help from other inmates. This may cause an omission of facts that jeopardize the prosecution of this writ in this Court.

Claim Two Continued:

The Sheriff placed the Petitioner into the Dickens County Correctional Facility, a jail outside of Lubbock, Texas. This may have been done pursuant to an illegal contract to house inmates for Otero County. At no time did the Sheriff nor the prosecutors William M Kinsella and Roxe Anne Esquibel obtain a governor's warrant nor

13

Claim Two Continued:

comply with any extradition laws before kidnapping the Petitioner to return him to New Mexico. At no time did the Petitioner waive his right to the extradition laws and process. The Petitioner was harmed by the distant incarceration. This interfered with communication between himself and counsel. Counsel would not accept the expensive collect calls from the Texas jail. Mail was missing and not received by counsel. The Sheriff and the Prosecutors committed the felony of kidnapping contrary to 18 USC § 1201

Claim Three Continued:

As to CR 2004-388 in count five, there was no laboratory confirmation test to prove any illegal substances were present. There was no credible evidence of distribution.

Count six lacked any evidence of knowledge or control of a weapon by the Petitioner. The weapon did not have the Petitioner's finger prints nor DNA on it.

Count seven lacked any evidence that the Petitioner knew any weapon was stolen.

Count eight is so unclear the Petitioner cannot provide information to prove his innocence. The Petitioner did not tamper with any evidence.

As to CR 2004-358 the only evidence presented

14

Claim Three Continued:
was that the Petitioner was in the area where drugs were found. There was no evidence of knowledge and control of any drugs by the Petitioner.

If the Petitioner would have had a real attorney he would have demanded a jury trial.

Claim Four:
The Petitioner was denied effective assistance of counsel

As to CR 2004-358 counsel failed to investigate and present a motion to supress unconstitutionally obtained evidence. Through a letter from the Texas jail, the Petitioner informed counsel that the search of the blue 1988 Volkswagon was illegal. The consent to search was not given by the owner. The VW was an abandoned vehicle pursuant to §66-1-4.1 A. The VW had remained in the Petitioner's custody and on the Petitioner's property for about three months. The Petitioner had written the NM State Police in Santa Fe to determine prior ownership of the VW and if it had been stolen. The Petitioner was in the process of filing a claim of ownership and a security interest. No lawful consent to search the VW was given. The search for contraband was unconstitutional.

The Petitioner was prejudiced in that a failure to

15

Claim Four Continued:

investigate is always prejudicial. Counsel could not make legitimate tactical decisions. Had the suppression motion been submitted, it would have been considered. Had it prevailed, this charge would be dismissed. Had it been denied, an appeal would have been prosecuted. The outcome of CR 2004-358 would have been different.

As to CR 2004-388 the Petitioner identified other witnesses. They would have provided exculpatory testimony and directed counsel to exculpatory evidence. Counsel refused to contact nor interview these people. Counsel's refusal was part of the deception that there were no defenses.

As to count five of CR 2004-388 there was no laboratory confirmation test. The police did a field test on the alleged drugs. The police did not comply with their own policy and procedures for this test. The police did not comply with the test kit manufacture's instructions. These instructions mandate a chemical test must be done by a laboratory. These instructions clearly provide that it is a preliminary test and many veriables can cause a false positive response to the test. Counsel did not even review police policies procedures nor the manufactures instructions.

As to count six counsel failed to question anyone as to the existance of any forensic evidence that

16

Claim Four Continued:

linked the gun to the Petitioner. The Petitioner repeatedly told counsel that the gun was not his. And, that if any one looked, his finger prints nor DNA would be on the gun. Counsel failed to investigate these facts. Counsel could have retained a forensic expert to review the evidence. Or counsel could have requested the state conduct such tests. This testing, along with the witnesses would have proven that the Petitioner was not in possession of the gun.

As to count seven, there was no evidence that could have proven the Petitioner had any knowledge that a weapon he never possed was stolen. Counsel again ignored her duty to investigate.

The Petitioner knew that counsel had not investigated the case or the witnesses. Counsel spoke only of taking a plea of guilty. The Petitioner knew that he was not guilty. And that a valid 4TH Amend claim existed. The Petitioner also knew that a trial with no defense, with no exculpatory evidence, and with no exculpatory witnesses would be a joke. Counsel presented the Petitioner with this hobbsons choice.

The Petitioner was prejudiced. Had counsel done her job, a trial would have happened. Had a competent and diligent attorney done the necessary investigation into the case, a trial would have exonerated the Petitioner

This claim was exhausted in the state habeas corpus.

17