IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEREMY SMITH,

       Petitioner,

v.                                                                               Civ. No. 06-587 WJ/RHS

ROBERT ULIBARRI, Warden, et al.,

       Respondents.

**MAGISTRATE JUDGE'S RECOMMENDATION THAT
RESPONDENTS' MOTION TO STRIKE BE GRANTED**

THIS MATTER comes before the Court on Respondents' Motion to Strike Patricia A. Madrid, Attorney General, as a Named Respondent ("Motion to Strike"), filed December 18, 2006 **[Doc. 10]**. Petitioner has not filed a response in opposition to Respondents' Motion to Strike.[1] In their motion, Respondents seek an order striking Attorney General Madrid from this proceeding as a named respondent. The Court finds that Respondents motion is well-taken and recommends that it be granted.

Respondents contend that "there is generally only one proper respondent to a given prisoner's habeas petition." (Motion to Strike at 2 ¶ 6 (quoting Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004)). Rule 2(a) of the Rules Governing § 2254 Cases requires that habeas petitioners "name as respondent the state officer who has custody."[2] Respondents assert that

---

[1] "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b).

[2] The Advisory Committee Notes of Rule 2 explain that "[t]he proper person to be served in the usual case is either the warden of the institution in which the petitioner is incarcerated or the chief officer in charge of state penal institutions." 1976 Adoption, Subdivision (a) (internal citation omitted).

while Warden Ulibarri "is properly named as respondent[,] . . . . Attorney General . . . Madrid does not have custody of Petitioner." (Motion to Strike at 2 ¶ 5). Thus, Respondents argue that the Court should strike Attorney General Madrid as a respondent because Warden Ulibarri is "the only properly named respondent." (Motion to Strike at 2 ¶ 7). The Court notes that "[t]he attorney general is in the best position to inform the court as to who the proper party respondent is." Rule 2 (Advisory Committee Notes, 1976 Adoption, Subdivision (b)).

The Court agrees that Warden Ulibarri, as the state officer having custody of Petitioner, is a proper respondent. At this juncture, it does not appear that Attorney General Madrid is required as a respondent under the circumstances set forth in Rule 2(b).[3] Accordingly, the Court concludes that Respondents' Motion to Strike **[Doc. 10]** should be granted and Attorney General Patricia Madrid should be stricken as a named respondent in this civil proceeding.

Within ten (10) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_Robert Hayes Scott_
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE

---

[3] A petitioner who is not in custody, but may be subject to future custody, is required to name as respondents "both the officer who has current custody and the attorney general of the state where the judgment was entered." Rule 2(b); Advisory Committee Notes, 1976 Adoption (Subdivision (b)) ("spell[ing] out the various situations . . . . [in which] the judge may require or allow the petitioner to join an additional or different party as a respondent if to do so would serve the ends of justice").