**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JEREMY SMITH,

      Petitioner,

v.                                                                           Civ. No. 06-587 WJ/RHS

ROBERT ULIBARRI, Warden,

      Respondent.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS**
**AND RECOMMENDED DISPOSITION**

      1.  THIS MATTER comes before the Court upon consideration of Claims II, III and IV of Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody ("Petition"), filed June 30, 2006 **[Doc. No. 1]**.[1]  Petitioner Jeremy Smith is incarcerated and proceeding *pro se* and *in forma pauperis*.  Having considered the parties' submissions, the relevant law, and being otherwise advised in the premises, the Court recommends that Claims II, III and IV be dismissed, the Petition be denied, and this civil proceeding be dismissed.

      2.  On May 6, 2005, following a plea of No Contest,[2] Petitioner was convicted and adjudged guilty in the Twelfth Judicial District Court of New Mexico of the following offenses in **D-1215-CR-200400388**: (Count 5) Distribution of Controlled Substance/Methamphetamine, a

---

[1] Claim I of the Petition was dismissed without prejudice in a previous order.  (See Order, filed Jul. 25, 2006 **[Doc. No. 5]**).

[2] "[A] nolo plea in New Mexico amounts to a confession of guilt, and has the same legal consequences as a guilty plea."  Thomas v. Kerby, 44 F.3d 884, 888 n.4 (10th Cir. 1995) (citations omitted).  Accordingly, in considering his Petition, the Court treats Mr. Smith's plea of No Contest as a guilty plea.

3d degree felony, (Count 6) Possession of Firearm or Destructive Device by a Felon, a 4th degree felony, (Count 7) Receiving Stolen Property (Firearm), a 4th degree felony, (Count 8) Tampering with Evidence, a 4th degree felony; and the following offenses in **D-1215-CR-200400358**: (Count 1) Possession of Methamphetamine, a 4th degree felony.  (See Judgment and Sentence Commitment to Penitentiary ("Judgment"), Ex. A to Answer,[3] filed Dec. 18, 2006 **[Doc. No. 11]**).  Petitioner was sentenced to serve "a total period of incarceration of eighteen (18) years." (Judgment at un-numbered page 3).

  3.  On March 14, 2006, Petitioner filed a Petition for Writ of Habeas Corpus in the state district court, which was denied on April 13, 2006.  (See Exs. E, F).  On May 4, 2006, Petitioner filed a Petition for Writ of Certiorari in the Supreme Court of the State of New Mexico, which was denied on June 7, 2006.  (See Exs. G, H).  On June 30, 2006, Petitioner filed his federal Petition in this Court.  (See **[Doc. No. 1]**).

  4.  Mr. Smith raises the following claims in his Petition:

  (II) Petitioner was unconstitutionally extradited from the State of Texas by the Sheriff and the prosecutor;

  (III) Petitioner's plea was involuntary; and

  (IV) Petitioner was denied effective assistance of counsel.

Respondent concedes that Petitioner has exhausted these claims in the New Mexico state courts. (See Answer at 2 ¶ 4).

  5.  If the New Mexico state courts adjudicated Petitioner's claims on their merits, this Court may not grant habeas relief unless Petitioner can show that the state court decisions were

---

[3] Unless otherwise noted, all exhibits referenced in these proposed findings and recommended disposition are attached to Respondent's Answer.

contrary to, or an unreasonable application of, federal law as determined by the Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented. See U.S.C. § 2254(d).  In this case, neither the New Mexico district court nor the New Mexico Supreme Court expressly stated whether its decision was based on procedural or substantive grounds.[4]  However, nothing suggests that the orders of either court were based on procedural grounds.  In such situations, "our cases require us to assume that the state's review is on the merits and thus afford it § 2254(d) deference." Douglas v. Workman, 560 F.3d 1156, __ (10th Cir. 2009) (citing Hawkins v. Mullin, 291 F.3d 658 (10th Cir. 2002); Aycox v. Lytle, 196 F.3d 1174 (10th Cir. 1999)).

6.  Accordingly, this Court must uphold the New Mexico court's summary decision unless its "independent review of the record and pertinent federal law persuades [it] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." Aycox, 196 F.3d at 1178.  "This 'independent review' should be distinguished from a full *de novo* review of the petitioner's claims.  Our review is in fact deferential because we cannot grant relief unless the state court's result is legally or factually unreasonable." Aycox, 196 F.3d at 1178.

*Claim II - Extradition*

7.  In Claim II, Mr. Smith alleges that he "was unconstitutionally extradited from the State of Texas by the Sheriff and the Prosecutor." (Petition at 7).  In support of this claim, Petitioner explains that in July of 2004, he was arrested and incarcerated in Otero County, New

---

[4]After reviewing Mr. Smith's state habeas petition, the New Mexico district court issued a summary dismissal, explaining only "that Petitioner is not entitled to relief as a matter of law." (Order, Ex. F).  The New Mexico Supreme Court similarly issued a summary denial of Mr. Smith's petition for writ of certiorari.  (Order, Ex. H).

Mexico and subsequently transported to the State of Texas. (Petition at 7). Petitioner contends that the Sheriff and prosecutors failed to comply with extradition laws "before kidnapping the Petitioner to return him to New Mexico." (Petition at hand-numbered page 13-14). Petitioner alleges that he was "harmed by the distant incarceration [because it] . . . . interfered with communication between himself and counsel." (Petition at hand-numbered page 14).

      8. In alleging that he was "unconstitutionally extradited" from Texas to New Mexico, Petitioner apparently contends that he was denied the opportunity to challenge his extradition. However, "once the prisoner has been returned to the demanding state, the writ of habeas corpus is no longer available to challenge his confinement upon grounds arising in the asylum state." White v. Boulder County, CO, 44 Fed.Appx. 912, 913 (10th Cir. Aug. 8, 2002) (not selected for publication) (quoting Gee v. State of Kansas, 912 F.2d 414, 416 (10th Cir. 1990)); see also Eckert v. Tansy, 936 F.2d 444, 450 (9th Cir. 1991) (concluding federal habeas corpus relief cannot be granted "on the ground of illegal extradition"). Because Petitioner may not pursue his claim of unconstitutional extradition via a request for federal habeas relief, the Court recommends that Claim II be dismissed.

      *Claims III, IV - Involuntary plea, Ineffective assistance of counsel*

      9. Petitioner signed a written statement indicating that he discussed the case and his constitutional rights with his lawyer, and read and understood the plea and disposition agreement. (See Ex. B). During his plea colloquy, Petitioner stated that he understood what the charges were about, the possible sentences he faced and the rights he would give up by pleading No Contest. (See Tape of Plea Hearing, dated Mar. 22, 2005). Petitioner denied that anyone promised him anything other than what was in the plea agreement to get him to plead. (Id.). Petitioner denied being threatened or coerced into pleading No Contest. (Id.). Petitioner stated

that he was satisfied with the services of Ms. Ryanczak as his attorney.  (Id.).  In accepting the plea, the state court found that Mr. Smith "knowingly, voluntarily and intelligently pleads No Contest to the" charges set forth in the plea agreement.  (Ex. B).

10.  "Once a defendant has pled guilty, the only non-jurisdictional avenue for challenging his conviction is to claim that his plea was not knowing and voluntary."  Romero v. Tansy, 46 F.3d 1024, 1033 (10th Cir. 1995) (citing Mabry v. Johnson, 467 U.S. 504, 508-09 (1984)) (other citations omitted).  Thus, the relevant inquiry in a challenge to a guilty plea proceeding is generally limited to whether the underlying plea was both counseled and voluntary.  Tollett v. Henderson, 411 U.S. 258, 263-64 (1973); Osborn v. Shillinger, 997 F.2d 1324, 1327 (10th Cir. 1993).  A defendant's statements on the record, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings."  Blackledge v. Allison, 431 U.S. 63, 74 (1977).  In this case, the Court concludes that Petitioner has not overcome this formidable barrier.

11.  A guilty plea may be rendered involuntary by the constitutionally inadequate performance of defense counsel.  Romero v. Tansy, 46 F.3d 1024, 1033 (10th Cir. 1995).  However, in order for Petitioner to prevail on his claim that he received ineffective assistance of counsel, he must satisfy a two-part test.  See Miller v. Champion, 161 F.3d 1249 (10th Cir. 1998).

12.  First, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness."  Hill v. Lockhart, 474 U.S. 52, 57 (1985) (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)).  To demonstrate that his attorney's performance fell below this standard, Petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 689.  With respect to this prong, Petitioner must show that defense counsel's performance was not

simply wrong, but instead was completely unreasonable.  See Hoxsie v. Kerby, 108 F.3d 1239, 1246 (10th Cir. 1997).

13.  Second, even if Petitioner is able to satisfy the first prong of this test, he will not be entitled to relief unless he is also able to demonstrate that his counsel's performance prejudiced him, that is, "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill, 474 U.S. at 59.  A Petitioner's mere allegation that he would have insisted on trial absent counsel's errors, although necessary, is not enough to satisfy the prejudice prong.  See Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir. 2001).

14.  In considering his state habeas petition, the New Mexico state courts implicitly found that Petitioner's guilty plea was not involuntary and not the result of ineffective assistance of counsel.  It is not clear whether the state courts found that Petitioner's allegations failed to meet the first, second, or both prongs of the Strickland / Hill test for ineffective assistance of counsel.  However, following an independent review of the record, this Court finds that the New Mexico state courts could reasonably have concluded that Petitioner failed to meet either prong.

15.  Petitioner raises a host of complaints regarding his counsel's performance, contending that trial counsel: (1) "worked" Petitioner to accept the plea through deception, (2) failed to investigate the case, (3) failed to file a motion to suppress evidence, (4) failed to interview witnesses, (5) failed to review police policies and procedures, and (6) failed to question anyone regarding forensic evidence.  This Court finds that the New Mexico state courts could have reasonably concluded that Petitioner's allegations, many of which are speculative and/or conclusory, fail to overcome the strong presumption that his counsel's performance fell within the wide range of reasonable professional assistance, and thus, fail to meet the first prong

of the Strickland / Hill test.

16. In addition, the state court might have reasonably concluded that even assuming defense counsel's conduct was deficient, Petitioner failed to show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. Petitioner's allegation that he would have insisted on trial but for his counsel's errors, although necessary, is ultimately insufficient to entitle Petitioner to relief. Miller, 262 F.3d at 1072 (citation omitted). Rather, the Court must "look to the factual circumstances surrounding the plea to determine whether the petitioner would have proceeded to trial." Miller, 262 F.3d at 1072 (citations omitted).

17. In this case, the plea agreement provided Petitioner a significant benefit. On July 20, 2004, a Grand Jury charged Petitioner in D-1215-CR-2004-358 with: Count 1 - "[P]ossession [of] Methamphetamine . . . contrary to § 30-31-23, NMSA 1978 Comp." and Count 2 - "[P]ossession with intent to use the drug paraphernalia . . . contrary to § 30-31-25.1, NMSA 1978 Comp." (Record Proper ("RP"), Tab CR-2004-358, at unnumbered page 10 (Grand Jury Indictment)). On September 21, 2004, a Second Amended Criminal Information ("Information") was filed in D-1215-CR-200400388 charging Petitioner with: Counts 1 - 3 (three counts of unlawfully assaulting or striking three individuals with a deadly weapon, contrary to § 31-18-16 NMSA); Counts 4 and 5 (two counts of possessing methamphetamine with the intent to transfer it to another, contrary to § 30-31-22(A) NMSA[5]); Count 6 (felon in possession of a firearm, contrary to § 30-7-16 NMSA); Count 7 (possessing a stolen handgun,

---

[5]Although the Information initially lists Count 5 as "Distribution of . . . Methamphetamine [contrary to] . . . NMSA § 30-31-22(A)(2)(a)," it is later described as "possession [of] methamphetamine . . . with the intent to transfer it to another . . . contrary to NMSA § 30-31-22(A)." (RP, Tab CR-2004-388, at unnumbered page 37-38 (Information)).

contrary to § 30-16-11 NMSA); and Counts 8 and 9 (two counts of tampering with evidence, contrary to § 30-22-5 NMSA). (See RP, Tab CR-2004-388, at unnumbered page 37-39 (Second Amended Criminal Information)).

Thus, had Petitioner rejected the plea, he potentially faced eleven charges at trial, rather than the five to which he pled No Contest. At his plea hearing, the state district court observed that absent the 18 year "cap" provided for in the plea agreement, Petitioner potentially faced up to 29 years based on sentence enhancements. (See Tape of Plea Hearing, dated Mar. 22, 2005). In light of the evidence against him,[6] the possibility of confronting six additional charges at trial and a potentially longer period of incarceration, the state court could reasonably conclude, as does this Court, that even in the absence of counsel's alleged deficiencies, Petitioner would not have insisted on proceeding to trial. Accordingly, Petitioner's claim for relief on this basis should be denied.

*Conclusion*

For all of the reasons set forth above, the Court concludes that Claims II, III and IV of Mr. Smith's Petition be **dismissed with prejudice**, that the Petition be **denied** and that this civil proceeding be **dismissed**.

Within ten (10) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and

---

[6]For example, Ms. Esquibel (prosecutor) represented to the state district court that a witness (Ms. Swinford) provided a statement that Petitioner possessed a firearm that he knew was stolen, provided Ms. Swinford with methamphetamine, and produced a weapon during a dispute. (See Tape of Plea Hearing, dated Mar. 22, 2005).

recommendations.  If no objections are filed, no appellate review will be allowed.

*Robert Hayes Scott*
_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE